## UNITED STATES *v.* OLIVER *et al.*

*(Circuit Court, W. D. Louisiana.   October, 1888.)*

POST-OFFICE—MAIL CONTRACTOR—LIABILITY ON BOND—JUDGMENT—RES ADJU-
    DICATA.
    The government having assessed against and charged a mail contractor a
    certain sum in an account against him for his failures in carrying the mails,
    and having recovered judgment for that sum against him and his sureties,
    cannot recover in this suit, against the same defendants, on the mail contract-
    or's bond; because the amount of the former judgment did cover, and was
    intended to cover, the whole sum due the government on account of the mail
    carrier's failures.
*(Syllabus by the Court.)*

At Law.   Action on official bond.
*M. S. Jones*, U. S. Atty. for the United States.
*Robert Ray*, for defendants.

BOARMAN, J.   The defendant Oliver became a successful bidder for
a certain mail contract in Louisiana.   The government sues to recover
against defendants on their obligation, evidenced by the bond which
Oliver was required to furnish to the postal department at the time he
forwarded his proposal to carry the mail.   The bond now sued on shows
two conditions and warranties—*First,* that Oliver shall in due season en-
ter into a contract agreement with the government in accordance with
his proposal; *second,* that, having entered into the said required agree-
ment, "he shall perform said service according to his contract,   *   *   *
and in case of failure he and his sureties shall be liable for the amount
of said bond as liquidated damages, recoverable in an action for debt on
the said bond."   Defendant having fully complied with the first war-
ranty named in the bond, he was required by the rules of the postal de-
partment to give another or additional bond, such as is usually entered
into by successful bidders for carrying the mails.   This bond is given
to secure the payment by the contractor of such penalties and forfeitures
as may be lawfully assessed or charged to him for his failure to carry the
mails, or perform the service required of him under his contract.   In
the bond now sued on recitals appear which point out and show to all
parties concerned what failures on the part of the contractor would be
charged for, and how much in any given case would be charged against
him by the government.   On the trial of this suit it was admitted that
Oliver was delinquent, and rightfully charged in the government's ac-
count against him, $———, and that the government, in a suit, re-
cently tried in this court, obtained a judgment against him and these
same sureties for the sum charged in that account for Oliver's failures.
Notwithstanding the government has a judgment—the one just men-
tioned—against these defendants, it is contended that Oliver and his
sureties are liable in this action for the amount of the first bond,—the
one which he had signed and sent on to the department with his bid
for carrying the mail, and in which it is agreed that, in case of the con-

tractor's failure to faithfully perform the services undertaken by him, the sum of $1,200, the amount of this bond, should be taken by the parties as the amount of liquidated damages. The government having obtained judgment for a sum which covers and represents all the claims set up in the account against Oliver for his failures in performing the service which he had contracted to perform, now asks, in addition to this amount,—an amount which was intended to repair all the damages suffered by the public in the failures of Oliver to carry the mails,—for a judgment for $1,200, the sum named in the bond as liquidated damages. The law and principles of jurisprudence cited by counsel for the government from the Louisiana courts do not impress me with the belief that it entered into the mind of either party to the bond now sued on, or that the law presumes it was within the mutual understandings of the several parties thereto, that any sum beyond an amount sufficient to repair the damages to the public by reason of Oliver's failures to carry the mails and perform the duties required of him according to the conditions of the mail contract into which he and these sureties, subsequently to the execution of this bond, entered, should or would be demanded by the government. Such an amount, at the instance of the government, was charged against Oliver for his delinquencies, and there is now a judgment against him and these same sureties for that amount. The first warranty in the bond now sued on was complied with. I think the second condition therein became inoperative, and as if not written, between the parties, when the mail contract and bond were subsequently entered into by the same persons. The judgment recently obtained in this court, I think, represents all that can be recovered against Oliver and his sureties. Judgment for defendants.